UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERT J. LUSCO, JR.                          CIVIL ACTION

v.                                                              NO. 13-6634

ALLSTATE INSURANCE COMPANY,                 SECTION "F"
ET AL.

## ORDER AND REASONS

Before the Court is The Standard Fire Insurance Company's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

## Background

This is a Hurricane Isaac flood insurance coverage dispute.

The Standard Fire Insurance Company, a participant in Federal Emergency Management Agency's Write Your Own flood insurance program, issued a Standard Flood Insurance Policy to Robert J. Lusco, Jr. for his property located at 549 Camelia Avenue in LaPlace, Louisiana. When Hurricane Isaac hit on August 29, 2012, Mr. Lusco's property suffered flood damage.

On September 5, 2012 an independent adjuster inspected the property. Mr. Lusco requested a $15,000 advance payment for covered building damage and a $5,000 advance payment for covered contents damage. Standard Fire approved these requests and, on September 10, 2012, advanced the requested payments.

On October 20, 2012 Mr. Lusco submitted to Standard Fire a

signed and sworn proof of loss, contending that his building and contents losses totaled $75,076.12. Standard Fire approved the October 20 proof of loss, and paid Mr. Lusco $29,221.93 for building damage and $23,854.19 for contents damage. Given the prior advance, this represented payment in full of the damages claimed in the proof of loss.

FEMA extended the proof of loss submission deadline for Hurricane Isaac-related claims to April 28, 2013. Mr. Lusco did not submit to Standard Fire any additional proof of loss. But on December 12, 2013 Mr. Lusco sued Standard Fire, along with his windstorm insurer, Allstate Insurance Company.[1]  On June 26, 2014 Mr. Lusco submitted to Standard Fire an additional estimate of flood-related damage, which was prepared by Rich Lyon, a licensed public adjustor and residential contractor; Mr. Lyon estimated a replacement cost value of $91,697.96. Standard Fire now seeks summary judgment dismissing the plaintiff's claims on the ground that the plaintiff failed to submit a timely signed and sworn proof of loss to support his supplemental claim.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to

---

[1] On July 2, 2014 this Court granted the plaintiff's and Allstate's joint motion to dismiss the plaintiff's claims against Allstate.

2

judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2). Finally, in evaluating the summary

judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.

II.

The SFIP mandates that an insured who suffers flood loss to his property:

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with [certain information]....
> ...
>
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.  If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss.  This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. pt. 61, app. A(1) arts. VII(J), VII(R).

Courts interpret and enforce these SFIP provisions strictly. <u>See</u>, <u>e.g.</u>, <u>Marseille Homeowners Condominium Ass., Inc. v. Fidelity Nat'l Ins. Co.</u>, 542 F.3d 1053, 1055-56 (5th Cir. 2008)(per curiam)(holding that insured must file a sworn proof of loss before seeking damages in excess of the amount paid by the insurer); <u>Wright v. Allstate Ins. Co.</u>, 415 F.3d 384, 387-88 (5th Cir. 2005)(holding that insurer was not equitably estopped from raising insured's failure to file an adequate proof of loss); <u>Gowland v. Aetna</u>, 143 F.3d 951, 954 (5th Cir. 1998)("As the provisions of an insurance policy issued pursuant to a federal program must be

strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim"); <u>Forman v. FEMA</u>, 138 F.3d 543, 545 (5th Cir. 1998)("Under FEMA regulations, strict compliance is required to all terms of the SFIP.").

"[A] NFIP participant [like the plaintiff] cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with *all* policy requirements." <u>Richardson v. Am. Baners. Ins. Co. of Fla.</u>, 279 Fed. Appx. 295, 298 (5th Cir. 2008)(unpublished)(emphasis in original)(citing 44 C.F.R. pt. 61, app. A(1), arts. VII.J, VII.R.). "In case of a flood loss to insured property, [the insured] must" satisfy several requirements before bringing a lawsuit. 44 C.F.R. pt. 61, app. A(1) art. VII(J). Foremost, the insured must provide a signed and sworn Proof of Loss within 60 days after the loss, "or within any extension authorized by FEMA." <u>Forman v. FEMA</u>, 138 F.3d at 545. The failure to submit a complete, sworn proof of loss with supporting documentation is fatal to a plaintiff's claim for flood damage. See <u>Marseilles Homeowners</u>, 542 F.3d at 1053.

For Hurricane Isaac-related claims, FEMA extended the proof of loss submission deadline to April 28, 2013. Having already submitted one proof of loss for which he received full payment, Mr. Lusco had until April 28, 2013 to submit a signed and sworn proof

of loss for the additional sums he claims he is owed under the policy. The record confirms that he failed to do so.

Standard Fire submits that Mr. Lusco failed to submit a timely proof of loss for any additional amounts he seeks to recover under the policy beyond those provided in the October 20, 2012 proof of loss, which was paid in full by Standard Fire. Mr. Lusco counters that, by submitting the October 20, 2012 proof of loss, which he later supplemented on June 26, 2014 with a detailed, itemized estimate of the damage to his home, he substantially complied with the proof of loss requirements.

In strictly enforcing the applicable regulations, the Fifth Circuit has foreclosed the plaintiff's arguments that he need not submit a timely, signed and sworn proof of loss when he seeks additional payments, as well as his argument that he substantially complied with the proof of loss requirements. See <u>Richardson v. Am. Baners. Ins. Co. of Fla.</u>, 279 Fed. Appx. 295, 298-99 (5th Cir. 2008)(unpublished)(citing 44 C.F.R. pt. 61, app. A(1), arts. VII.J, VII.R.).[2] Bound by the text of the applicable standard policy

---

[2]Although <u>Richardson</u> is unpublished, the Fifth Circuit has observed:

> Unpublished opinions generally are not precedent. We cite these decisions for their persuasive value and factual similarity. Furthermore <u>Richardson</u>'s reasoning was approved in a published opinion, <u>Marseilles</u>, 542 F.3d at 1056, and, thus, is binding to that extent.

provisions and the case literature, other Sections of this Court continue to strictly enforce SFIP statutory and regulatory requirements, and hold that the rule barring recovery absent submission of a timely sworn proof of loss applies regardless of whether it is an initial claim by an insured, or a supplemental claim filed with the insurer. See, e.g., Roussell v. Allstate Ins. Co., --- F. Supp. 2d ---, 2014 WL 2740259, at *5-6 (E.D. La. June 17, 2014)(Brown, J.); Howell-Douglas v. Fidelity Nat'l Indem. Ins. Co., --- F. Supp. 2d ---, 2014 WL 2506469, at *2-3 (E.D. La. June 3, 2014)(Vance, J.); Morin v. Am. Bankers Ins. Co. of Florida, No. 13-5972, 2014 WL 949424, at *1, 2-3 (E.D. La. Mar. 10, 2014)(Africk, J.); Fowl, Inc. v. Fidelity Nat'l Prop. & Cas. Ins. Co., No. 12-283, 2013 WL 392599, at *1 (E.D. La. Jan. 31, 2013)(Barbier, J.).

The summary judgment record reveals no genuine dispute as to these facts: Standard Fire paid in full the amounts Mr. Lusco sought in accordance with his October 20, 2012 proof of loss. Mr. Lusco now seeks to recover funds beyond what Standard Fire already has disbursed; he failed to submit a timely, signed and sworn proof of loss for the supplemental claim he now makes in this lawsuit.

---

Kidd v. State Farm Fire & Cas. Co., 392 Fed.Appx. 241, 244 (5th Cir. 2010)(unpublished). In Marseilles, a published opinion, the Fifth Circuit has "follow[ed] the persuasive analysis in Richardson, which simply applies controlling precedent in a manner consistent with prior precedent." See Marseilles, 542 F.3d at 1056 (citing cases).

Failure to comply with this proof of loss requirement -- a mandatory condition precedent to filing suit -- is fatal to his claim.  Accordingly, Standard Fire's motion for summary judgment is GRANTED, and the plaintiff's claims are hereby dismissed.

New Orleans, Louisiana, July 30, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE